## SARAH B. BOOMHOWER

### v.

## JOSHUA C. BABBITT'S ADMR.

OCTOBER TERM, 1894.

*Construction of will.   Whether bequest is of specific sum, or income of fund.   Settlement of executor's account.   Legacy, when payable.*

1.  The testator bequeathed his daughter an "annuity and sum yearly" of three hundred and sixty dollars, and directed his executors to set apart six thousand dollars and keep the same invested in real estate securities, the income thereof to be used in the payment of this legacy. *Held*, that under the provisions of the will the daughter was entitled to the payment of the three hundred and sixty dollars, irrespective of what income the fund so set apart might yield.

2.  The allowance of an account of the executors in which they were credited with six thousand dollars set apart for this purpose, would not constitute an adjudication that the daughter was entitled only to the income of that fund.

3.  Under the terms of the will the legacy would be payable at the end of one full year from the death of the testator, and so from year to year thereafter.

Appeal from an order of the probate court for the district of Franklin.   Heard upon the report of a referee at the September term, 1894, Franklin county, ROWELL, J., presiding.   Judgment *pro forma* affirming the decree of the probate court.   The defendants except.

The defendants were the administrators of the estate of J. C. Babbitt, and the question was whether, under the terms of his will, his daughter, the petitioner, was entitled to the full sum of three hundred and sixty dollars annually, or to the income of a fund of six thousand dollars, less taxes and the expense of caring for the same, which the executors had set apart according to the will. The probate court decreed her the three hundred and sixty dollars annually.

The provisions of the will in controversy were as follows :

"I give, grant, and bequeath to my daughter, Sarah Babbitt, during her life, the annuity and sum yearly of three hundred and sixty dollars, to be paid to her and for her from time to time during each year as may be needed and required, and to be paid by my said executors. And to the end that the payments of the annuities or yearly payments aforesaid may be effectually secured and the same duly paid, it is my will that eleven thousand dollars ($11,000) of my estate shall not be received and divided until the said annuities or yearly payments be completed and cease to become due ; but the same sum of eleven thousand dollars of my estate shall, until the same annuities cease to become due, rest in the hands and be under the management and investment of my executors hereinafter appointed, to be placed and kept at interest on what my said executors shall judge to be good real estate security, and the interest or income therefrom to be applied and used in payment of the above mentioned annuities for the benefit of my said wife, Cordelia E. Babbitt, and daughter, Sarah Babbitt. But at the death of my said wife Cordelia, or daughter Sarah, it is my will that so much of the said eleven thousand dollars resting in the hands of my executors as shall not be necessary to secure the payments of the remaining annuity, to be distributed or divided as hereinafter provided.

I also give authority to my executors hereinafter named and appointed, in case the aforesaid provisions made for my said wife Cordelia, and daughter Sarah, are not sufficient to furnish them a suitable and comfortable support, to take from the aforesaid eleven thousand dollars such sums as may be necessary and requisite to furnish them with all nec-

essaries and comforts during life, and the necessity of this last provision I leave to the judgment of my executors."

The remaining facts appear in the opinion.

*Hogan & Royce* for the defendant.

The language of the will alone must govern. 1 Redf., Wills, 431–433; *Avery* v. *Chappel*, 6 Conn. 270, 275.

The petitioner can only have the income of the fund invested by the executors. *Orr* v. *Moses*, 52 Me. 287; *Nutter* v. *Vicery*, 64 Me. 490; *Kendall* v. *Russell*, 3 Sim. 424; *Comstock* v. *Herron et al.*, 55 Fed. Rep. 803; *Watts, Admr.*, v. *Howard, Admr.*, 7 Met. 478; *Parsons* v. *Winslow*, 16 Mass. 361; *Bridge* v. *Bridge*, 146 Mass. 373.

The probate court had power to direct the investment of the fund. *Slanning* v. *Style*, 3 P. Williams 336.

*H. A. Burt* for the plaintiff.

The testator did not, by setting out the fund, limit the amount to be paid the plaintiff. *Bowen* v. *Dorrance*, 9 R. I. 557; *Paget* v. *Huish*, 1 H. & M. 663; Armstrong's Appeal, 63 Penn. St. 312, 316; *Merritt* v. *Merritt*, 43 N. J. Eq. 11; 2 Woer, Am. L. Admin., 1002; *Brimblecom* v. *Kaven et al.*, 12 Cush. 511; *Swett* v. *City of Boston*, 18 Pick. 123.

The payment of the legacy dates from the testator's death. *Craig* v. *Craig*, 3 Barb. Ch. Rep. 76; *Stephenson* v. *Axon & Mitchell*, Bailey's Eq. Rep. 274; *Hall* v. *Hall*, 2 McCord's Ch. Rep. 281.

MUNSON, J. The will of Joshua C. Babbitt contains certain bequests to his wife, among which is an "annuity and sum yearly" of three hundred dollars, to be paid her during life by his executors. The testator also gives to his daughter Sarah for life an "annuity and sum yearly" of three hundred and sixty dollars, to be paid her by his exec-

utors from time to time during each year as it may be needed. The will further provides, to the end that these annuities may be effectually secured and duly paid, that eleven thousand dollars of the estate shall remain undivided in the hands of the executors and be kept by them on good real estate security, and that the income therefrom shall be used in the payment of said annuities. It is further provided that upon the death of either annuitant so much of the eleven thousand dollars as shall not be necessary to secure the payment of the remaining annuity shall be distributed in accordance with subsequent provisions of the will. The testator also authorizes his executors, whenever in their judgment these provisions are insufficient for the comfortable support of his wife and daughter, to take from this eleven thousand dollars such sums as may be necessary to give them the required support.

The widow waived the provisions of the will, and received her dower and homestead and an assignment of personal property. After this the executors set apart a fund of six thousand dollars to provide an annual income of three hundred and sixty dollars for the daughter. About the time this appropriation was made, the executors delivered to the judge of probate an account in which the sum of six thousand dollars was charged as a "legacy to be invested for Sarah Babbitt as provided by the will." Three years later the probate court allowed, on notice to all persons interested, an account based upon the balance ascertained by such prior account.

This action of the probate court did not constitute an adjudication of the questions now raised. It was at most no more than an approval of the creation of a separate fund of six thousand dollars. The setting apart of that sum for investment was in harmony with a distinct requirement of the will, and did not involve a determination of the exact amount the beneficiary was to receive. The questions

whether the entire income of the sum set apart should be paid to the beneficiary, or whether she should in all circumstances be confined to the income received, were not necessarily raised by a consideration of the accounts. No such matter was in fact brought to the attention of the court or passed upon by it. So the claims made by this petition remained open questions.

The testator gives the petitioner a yearly payment of three hundred and sixty dollars, and directs the investment of an amount which at the legal rate of interest will produce that sum, and provides that the income of this fund shall be used in the payment of such bequest. The petitioner claims that this is a gift of an annuity, and that she is entitled to the payment of three hundred and sixty dollars yearly, whatever may be the expenses or receipts of the fund separately invested. The defendants insist that it is a gift of the income of six thousand dollars to be set apart for the petitioner's benefit, and that when this sum is separated from the body of the estate she is entitled only to the income of the fund so created, less the expenses of its management, and subject to such reduction as may result from a depreciation of the securities without their fault.

While the provisions of the will are not entirely clear and consistent, we think it satisfactorily appears from the instrument as a whole that it was the intention of the testator to give the petitioner the full yearly sum of three hundred and sixty dollars, without regard to the fate of the fund appropriated to its payment. The terms employed by the testator in directing the creation of a special fund are not consistent with their having any effect in limitation of the gift. The fund is set apart to the end that the annuity may be effectually secured and duly paid. The language points to the security and completeness of the yearly payments rather than to the relief of the body of the estate from future contingencies. The gift falls within that class of legacies called

demonstrative, in which the sum given is to be made good out of the general estate upon a failure of the particular fund which is primarily holden for its satisfaction. See *Paget* v. *Huish*, 1 Hem. & Mill. 663.

· The decisions in the navy five per cent cases in England throw light upon this subject. In those cases certain yearly sums had been given by will, and various provisions made for their payment from dividends on the navy five per cent annuities. By the subsequent conversion of these five per cents into four per cents, the funds became insufficient to produce the yearly sums; and in a series of suits occasioned by this deficiency, the right of the annuitant to have the fund made good from the residue of the estate was considered.

In *Davies* v. *Wattier*, 1 Sim. & Stu., 463, the testator gave his wife two hundred pounds a year, to be paid by his executors out of his personal estate not specifically bequeathed. A decree was made that the executors transfer four thousand pounds of navy five per cent annuities and certain other stocks to a trustee, and that the annuity be paid out of the dividends accruing therefrom. The fund thus appropriated having become insufficient, it was held that as the annuity was a charge upon the whole of the residue, the annuitant was entitled to have the deficiency made good out of the other funds.

In *May* v. *Bennett*, 1 Russ. Ch. 370, the testator directed his executors to lay out in any government security they pleased as much money as would produce a certain annual interest for his wife. The executors purchased navy five per cent annuities to the required amount. Here it was considered that it was the testator's intention to secure to his widow a certain yearly sum, and not merely to require the setting apart of as much money as would produce that sum at the moment of appropriation, and that the difference should be made up from the general estate.

In *Kendall* v. *Russell*, 3 Sim. 424, a case relied upon by the defendants, the testator gave certain yearly sums, to issue from the dividends of a quantity of stock in the navy five per cent annuities sufficient to produce such sums, which stock was to be appropriated and invested in the names of his executors for this purpose. It was held that this was a gift of so much in the navy five per cents as would produce the annuity, that it was the intention of the testator that the appropriation of the stock designated should relieve the residue of his estate, and that the annuitants were not entitled to have the deficiency made up from the residue.

It will be noticed that in *Kendall* v. *Russell* the testator designated the stock to be set apart; and the opinion in that case distinguishes it from the two prior cases by this feature of the bequest. The case may be more particularly distinguished from the one at bar by the different terms employed in making the gift and providing the fund. In that case the yearly payments were given as sums to be derived from the stock designated. In this case there is an independent gift of the yearly sums, followed by a provision in regard to their payment. There the fund was set apart to produce the annuity. Here it is set apart to better secure the payment of the annuity. The expressions most strongly indicative of the testator's intention are so dissimilar in the two cases that the disposition of the one cited cannot be regarded as at variance with the conclusion reached in this.

The bequest being an annuity and not the income of a certain sum, the petitioner was entitled to a completed payment of three hundred and sixty dollars at the end of one year from the testator's death. 3 Redf. Wills 184. The petition raises no question as to whether the sums in arrear should have been paid at intervals within the year, and the petitioner can have interest on such arrearages only from the end of the year. Nor does the case present any ground upon which it can now be ordered that the annuity shall

hereafter be paid in quarterly instalments, as requested in the petitioner's brief. In the situation of the estate at the time of the decree appealed from, as shown by the report of the referee and the papers referred to, it was not error to order that the amount due be paid by the administrators out of any funds or property of the testator in their hands as such administrators.

*Judgment affirmed and ordered certified.*